**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-1180**

DOROTHEA BARR; TR LIMITED, t/a Raley's
Emergency Road Service, t/a Raley's Towing;
METROPOLITAN WRECKER, INCORPORATED;
PROFESSIONAL PARKING MANAGEMENT TOWING,
INCORPORATED; DUKE DEVELOPMENT LLC; BBK
ENTERPRISES, INCORPORATED; RALEY'S ROAD
SERVICE OF MARYLAND, INCORPORATED,

            Plaintiffs - Appellants,

   versus

PRINCE GEORGE'S COUNTY, MARYLAND; RONALD E.
KOZLOWSKI, individually and in his capacity as
a police officer of the Prince George's County
Police Department; CHARLES DUELLEY,
individually and in his capacity as a police
officer of the Prince George's County Police
Department,

            Defendants - Appellees,

   and

PRINCE GEORGE'S COUNTY POLICE DEPARTMENT,

            Defendant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt. J. Frederick Motz, District Judge. (CA-
02-346-8-JFM)

Submitted: August 27, 2004     Decided: October 29, 2004

Before WILKINS, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

Dorothea Barr, Appellant Pro Se.  Rhonda L. Weaver, Associate County Attorney, Upper Marlboro, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Dorothea Barr and six corporations owned by her, which were engaged in the automobile towing business and related services, commenced this action against Prince George's County (Maryland) Police Department, Prince George's County, and two Prince George's County police officers. The plaintiffs alleged that the defendants violated plaintiffs' civil rights, interfered with the automobile towing businesses' relations, defamed Barr, and otherwise injured her when the police officers conducted an investigation into the legitimacy of Barr's businesses, initiated legal process against them, and conducted a search of them on February 2, 1999. The search was conducted pursuant to several search warrants signed by a circuit judge on January 28, 1999. The police officers contended that they had reason to believe that Barr and her businesses were abusing their duties when hired by the Prince George's County "Tow Coordination Unit" to pick up automobiles on behalf of Prince George's County. They contended that Barr and her businesses were fraudulently transferring such vehicles to herself or her entities, contrary to any authorization give by Prince George's County.

In her complaint, Barr alleged in nine counts a wide array of claims for violations of civil rights committed under color of state law, violations of the Maryland Constitution, malicious prosecution, violations of the Local Government Tort

-3-

Claims Act, abuse of process, tortious interference with business relationships, defamation, and injurious falsehood. On the defendants' motions to dismiss, the district court granted the motions with respect to various counts, by order dated July 19, 2002. With respect to the remaining counts, the district court granted summary judgment by an oral opinion given on December 19, 2003, and a written order entered on December 22, 2003. From final judgment in favor of the defendants, the plaintiffs filed this appeal.

While this appeal was pending, we granted the motion of counsel for the plaintiffs to withdraw from this case and directed the plaintiffs "to notify the Court in writing of the name and address of counsel representing them in this appeal on or before September 17, 2004." We admonished plaintiffs that if they failed to obtain new counsel, "the case [would] proceed pro se as to appellant Barr . . . [and] be dismissed as to the corporations, . . . since a corporation cannot proceed pro se on appeal." The appellants failed to provide this court notice of new counsel, and no counsel has entered an appearance on behalf of them. Accordingly, as to the appellant corporations, we dismiss their appeal. <u>See</u> Fourth Circuit Local Rule 46.

As to the appellant Barr, we have reviewed her submissions and the record, and for the reasons given by the district court in dismissing some of the counts, <u>see</u> <u>Barr v. Prince</u>

George's County, Maryland, et al., Civil Action AW-02-346 (D. Md. July 19, 2002), and the reasons given by the district court in granting summary judgment for the remaining counts, see Barr v. Prince George's County, Maryland, et al., Civil Action JFM-02-346 (D. Md. Dec. 19 and 22, 2003), we affirm.

DISMISSED IN PART AND AFFIRMED IN PART